**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Case No. 23 B 05875 |
| | ) | |
| Awad Odeh & Julia Salameh | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | |
| | ) | |
| | ) | |
| Awad Odeh & Julia Salameh | ) | |
| | ) | Adv. No. 23 A 130 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Judge David D. Cleary |
| Ahmad Zahdan | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION**

This matter comes before the court on Plaintiffs Ahmad Zahdan and Julia Salamehs' ("Plaintiffs") motion to reconsider the court's ruling on summary judgment as to Salameh ("Motion to Reconsider"). The underlying motion for summary judgment ("Motion for Summary Judgment") seeks a finding of summary judgment on behalf of Plaintiff Julia Salameh ("Plaintiff Salameh") and Plaintiff Awad Odeh ("Plaintiff Odeh") against Defendant Ahmad Zahdan ("Defendant") on the sole count of the underlying complaint ("Complaint"). The Motion to Reconsider asks the court to reconsider its September 30, 2024, order denying the Motion for Summary Judgment ("Order") and accompanying memorandum opinion ("Opinion") solely as to Plaintiff Salameh. The court reviewed the relevant papers and pleadings. For the reasons stated below, the court will deny the Motion.

## I.      JURISDICTION

The court has subject matter jurisdiction under 28 U.S.C. § 1334(b) and the district

court's Internal Operating Procedure 15(a).  This is a core proceeding under 28 U.S.C.

§ 157(b)(2)(H).  Venue is proper under 28 U.S.C. § 1409(a).

## II.      DISCUSSION

### A. Parties' Arguments

In their Motion to Reconsider, Plaintiffs argue that the Court's Opinion focused almost

exclusively on Plaintiff Odeh and did not address Plaintiffs' arguments concerning Plaintiff

Salameh.

Plaintiffs, in their Motion for Summary Judgment, and again reiterated in their Motion

for Reconsideration, contend that Plaintiff Salameh received no value in exchange for various

obligations as part of a note entered into between Plaintiffs and Defendant ("Note").  Plaintiffs

argued Plaintiff Salameh was unaware of transactions leading to the Note until Defendant

obtained a state court judgment against Plaintiffs.  Therefore, she could not be liable for any

fraud related to those pre-Note transactions.  Plaintiffs also argue that in responding to the

Motion for Summary Judgment, Defendant failed to provide any evidence that Plaintiff Salameh

would have benefitted financially from the Note.

In the Motion for Reconsideration, Plaintiffs contend the court failed to address those

arguments in the Opinion.

Plaintiffs also highlight that the court recently dismissed Plaintiff Salameh from a

different adversary proceeding involving the same parties.[1]

Defendant, in his response to the Motion for Reconsideration, argues that there was no manifest error of fact or law as required for a motion for reconsideration.  Defendant notes this court's Opinion concluded both Plaintiffs may have received reasonably equivalent value.

To further that argument, Defendant relies on a Seventh Circuit case (applying Illinois law) for the proposition that a wife signing as a co-obligor of a husband's otherwise valid debt is sufficient consideration for a contract.  *Chrysler Credit Corp. v. Marino*, 63 F.3d 574, 580-81 (7th Cir. 1995).  Relatedly, Defendant notes that Plaintiffs' contentions in their Motion for Reconsideration that the two Plaintiffs maintain separate real estate and that Plaintiff Salameh is independently employed should have been argued in the Motion for Summary Judgment and are not appropriate here.  And finally, Defendant notes that Plaintiff Salameh's dismissal from the other adversary proceeding involved her actual involvement in a fraudulent scheme and not reasonably equivalent value.

Plaintiffs contend the Defendant's argument concerning consideration involving a husband and wife co-obligor is a new argument inappropriate for a motion to reconsider.  Beyond that initial argument, Plaintiff cites Seventh Circuit case law stating that reasonably equivalent value is something more than consideration merely supporting a contract and therefore Defendants' caselaw is inapplicable.  *See Leibowitz v. Parkway Bank & Trust Co. (In re Image Worldwide Ltd.)*, 139 F.3d 574, 580 (7th Cir. 1998); *In re Xonics Photochemical Inc.*, 841 F.2d 198, 202 (7th Cir. 1988).

---

[1] *Zahdan v. Odeh*, 23 AP 334.  Order granting defendants' motion to dismiss as to defendant Julia Salameh at docket 18.

**B.  Legal Standard**

Plaintiffs move under Fed. R. Civ. P. 54(b), made applicable to bankruptcy proceedings

through Fed. R. Bankr. P. 7054(a):

> (b) Judgment on Multiple Claims or Involving Multiple Parties. . . . [A]ny order
> or other decision . . . that adjudicates fewer than all the claims or the rights and
> liabilities of fewer than all the parties . . . may be revised at any time before the
> entry of a judgment adjudicating all the claims and all the parties' rights and
> liabilities.

Motions to reconsider under Rule 54(b) "are disfavored." *Patrick v. City of Chicago*, 103

F. Supp. 3d 907, 911 (N.D. Ill. 2015).[2]  These motions are limited to correcting "manifest errors

of law or fact or to present newly discovered evidence."  *Id.* at 911 (internal quotation removed).

> A manifest error of  law or fact under this standard occurs when a district court
> has patently misunderstood a party, or has made a decision outside the adversarial
> issues presented to the Court by the parties, or has made an error not of reasoning
> but of apprehension. A party asserting such an error bears a heavy burden, and
> motions for reconsideration are not at the disposal of parties who want to rehash
> old arguments.

*Patrick*, 103 F. Supp. 3d at 912 (internal quotations removed).  A motion to reconsider

"essentially enables a district court to correct its own errors, sparing the parties and the appellate

courts the burden of unnecessary appellate proceedings."  *Russell v. Delco Remy Div. of Gen.*

*Motors Corp.*, 51 F.3d 746, 749 (7th Cir. 1995).

**C.  Analysis**

Plaintiffs do not claim new evidence and instead argue there is an 'error of law or fact' in

that the Court "did not address [Plaintiffs]' arguments for judgment in [Plaintiff Salameh]'s

favor."  Motion for Reconsideration, p. 3.

---

[2] "[M]otions to reconsider an order under [Fed. R. Civ. P.] 54(b) are judged by largely the same standards as
motions to alter or amend a judgment under [Fed. R. Civ. P.] 59(e) . . . ."  *Woods v. Resnick*, 725 F. Supp. 2d 809,
827 (W.D. Wis. 2010) (*citing Rothwell Cotton Co. v. Rosenthal & Co.*, 827 F.2d 246, 251 (7th Cir. 1987)).

4

Plaintiffs are correct in that the Opinion largely focuses on the conduct of Plaintiff Odeh and Plaintiffs generally, and not on Plaintiff Salameh specifically.  That discrepancy, however, does not mean this court forgot about Plaintiff Salameh.  The arguments were considered and ultimately dismissed.

As stated in the Opinion, the only factual issue remaining in this proceeding is whether Plaintiffs received reasonably equivalent value for their transfer under the Note.  The Note, appearing to be signed by both Plaintiffs, states that the Plaintiffs' debt was extended in exchange for "value received."  As discussed in the Opinion, there is an unanswered question of fact as to how NAR, Plaintiff Odeh, Plaintiff Salameh, and Defendant interrelate.  Plaintiffs are joint debtors in the underlying bankruptcy case and, while their estates are separate, it is assumed joint debtors jointly hold most of their property.  *In re Stuart*, 31 B.R. 18, 19 (Bankr. D. Conn. 1983) (*citing* S. Rep. No. 95-989, pt. 1, at 32).[3]  There has been insufficient evidence presented to establish that Plaintiff Salameh would not benefit if her husband and joint debtor, Plaintiff Odeh, would also benefit.  As noted in the Opinion, there are discrepancies between sworn statements and other exhibits presented by parties that will be best clarified at trial with questioning of witnesses and cross-examination.

As an example, Plaintiffs have thus far failed to explain how Plaintiff Salameh's apparent signature appears on the notarized Note, but also claims to have had no knowledge of the transactions leading up to the Note until Defendant later obtained a state court judgment against

---

[3] In their briefs on the Motion for Reconsideration the parties argue over Defendant's contention that in the Seventh Circuit a wife guaranteeing a husband's debt is sufficient consideration for a contract, whether that is pertinent here, and whether the argument can even be raised in a motion for reconsideration.  While it is possibly relevant for the forthcoming trial, Defendant's arguments were not relevant in determining whether there was an error of law or fact in the Opinion and Order.

Plaintiffs.  The Note does not detail the transactions but does mention the lending of $900,000.

What did Plaintiff Salameh believe the Note was for?  It is possible she blindly signed the

document or, as Plaintiffs argued, signed it purely as part of a cultural obligation, but it is also

possible she signed the Note specifically for her financial benefit.  The evidence presented does

not answer the question.

Finally,  Plaintiffs' reliance on the court's ruling in a different adversary proceeding is

inapplicable here.  The court's ruling in that proceeding was on a motion to dismiss a complaint

alleging the Plaintiffs (defendants in that proceeding) participated in a fraudulent scheme.  The

analysis, relevant materials before the court, and the pertinent allegations are all different.

Plaintiffs had the burden in their Motion for Summary Judgment to prove, as a matter of

law, that Plaintiff Salameh did not receive reasonably equivalent value.  Plaintiffs ultimately

failed to do so.  Nothing presented by Plaintiffs in their Motion for Reconsideration shows an

error in law or fact such that the court must revise its prior Opinion and Order.

### III.  CONCLUSION

For all of the reasons stated above, the Motion for Reconsideration is denied.  The court

will enter an order, consistent with this ruling.

ENTERED:

Date:   November 18, 2024

_____
Honorable DAVID D. CLEARY
United States Bankruptcy Judge